UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER PERKINS                        CIVIL ACTION

VERSUS                                     NO: 12-2777

STEVE RADER, WARDEN                        SECTION: R

## ORDER

Before the Court are Christopher Perkins's Petition for a
Writ of Habeas Corpus (R. Doc. 1) and his objections (R. Doc. 16)
to the Magistrate Judge's Report and Recommendation that the
petition be denied with prejudice (R. Doc. 15). The Court, having
reviewed *de novo* the petition, the record, the applicable law,
the Magistrate Judge's Report and Recommendation, and the
petitioner's objections thereto, hereby approves the Magistrate
Judge's Report and Recommendation and adopts it as its opinion.
Accordingly, Christopher Perkins's petition for a writ of habeas
corpus is DISMISSED WITH PREJUDICE.

Further, the Court will not issue a certificate of
appealability. Rule 11 of the Rules Governing Section 2254
Proceedings provides that "[t]he district court must issue or
deny a certificate of appealability when it enters a final order
adverse to the applicant. Before entering the final order, the
court may direct the parties to submit arguments on whether a
certificate should issue." Rules Governing Section 2254
Proceedings, Rule 11(a). A court may only issue a certificate of
appealability if the petitioner makes "a substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2);
Rules Governing Section 2254 Proceedings, Rule 11(a) (noting that
28 U.S.C. § 2253(c)(2) supplies the controlling standard). In
*Miller-El v. Cockrell*, the Supreme Court held that the
"controlling standard" for a certificate of appealability
requires the petitioner to show that "reasonable jurists could
debate whether (or, for that matter, agree that) the petition
should have been resolved in a different manner or that the
issues presented [are] 'adequate to deserve encouragement to
proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336
(2003). With respect to claims denied on procedural grounds, the
petitioner must make a two-part showing: (1) that "jurists of
reason would find it debatable whether the district court was
correct in its procedural ruling," and (2) that "jurists of
reason would find it debatable whether the petition states a
valid claim of the denial of a constitutional right." *Johnson v.
Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v.
McDaniel*, 529 U.S. 473, 484 (2000)). Here, Perkins has not made a
substantial showing of the denial of a constitutional right.
Further, the issues would not engender debate among reasonable
jurists. The Court therefore will not issue a certificate of
appealability.

New Orleans, Louisiana, this 2nd day of May, 2013.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE